WILLIAM N. CARLON (State Bar No. 305739)
Email: william@carlonlaw.com
LAW OFFICE OF WILLIAM CARLON
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115

Erina Kwon (Bar No. 235079)
Email: erina@lawaterkeeper.org
Benjamin A. Harris (Bar No. 313193)
Email: ben@lawaterkeeper.org
LOS ANGELES WATERKEEPER
360 E 2nd Street, Suite 250
Los Angeles, CA 90012
Tel: (310) 394-6162
Attorneys for Plaintiff
LOS ANGELES WATERKEEPER

JAN A. GREBEN (State Bar No. 103464)
Email: jag@ppplaw.com
PRICE, POSTEL & PARMA LLP
200 East Carrillo Street, Fourth Floor
Santa Barbara, CA 93101
Tel: (805) 962-0011
Attorneys for Defendant
LOS ANGELES GALVANIZING COMPANY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES GALVANIZING COMPANY, a California corporation,<br><br>Defendant. | Case No. 2:26-cv-05095-SK<br><br>**JOINT RULE 26(f) REPORT**<br>[Fed. R. Civ. P. 26(f); L.R. 26-1; Dkt. 19]<br>Scheduling Conference:<br>Date: October 21, 2026<br>Time: 10:00 a.m.<br>Place: Via Zoom videoconference<br>Judge: Hon. Steve Kim |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's August 24, 2026 Order Setting Scheduling Conference (Dkt. 19), Plaintiff Los Angeles Waterkeeper ("Plaintiff" or "LA Waterkeeper") and Defendant Los Angeles Galvanizing Company ("Defendant") (together, the "Parties"), by and through their respective counsel, submit this Joint Rule 26(f) Report. Counsel for the Parties conferred pursuant to Rule 26(f) on September 16, 2026.

## A. STATEMENT OF THE CASE

**Plaintiff's Statement:**

This is an environmental citizen suit brought under Section 505 of the Clean Water Act, 33 U.S.C. § 1365. The Complaint (Dkt. 1) alleges that Defendant owns and/or operates a hot-dip galvanizing facility located at 2518 East 53rd Street, Huntington Park, California 90255, with adjacent parcels at 2527 East 53rd Street, 2513 East 53rd Street, and 2524 East 52nd Street (collectively, the "Facility"), and that Defendant discharges storm water contaminated with pollutants, including zinc, from the Facility to the municipal separate storm sewer system and thence to Compton Creek, the Los Angeles River, the Los Angeles River Estuary, San Pedro Bay, and the Pacific Ocean, in violation of Section 301(a) of the Act, 33 U.S.C. § 1311(a), and the terms of California's General Permit for Storm Water Discharges Associated with Industrial Activities, NPDES No. CAS000001, State Water Resources Control Board Order No. 2014-0057-DWQ, as amended by Order Nos. 2015-0122-DWQ and 2018-0028-DWQ (the "General Permit"). Plaintiff served its statutory notice of intent to sue on March 2, 2026, and filed this action on May 12, 2026.

The Complaint asserts six claims for relief: (1) discharges of contaminated storm water in violation of the General Permit's Numeric Effluent Limitations, including the numeric effluent limitation for zinc applicable to discharges to the Los Angeles River watershed; (2) discharges of contaminated storm water in violation of

the General Permit's Receiving Water Limitations; (3) failure to prepare, implement, review, and update a compliant Storm Water Pollution Prevention Plan ("SWPPP"); (4) failure to develop and implement the Best Available Technology Economically Achievable and Best Conventional Pollutant Control Technology at the Facility; (5) failure to implement an adequate Monitoring Implementation Plan; and (6) failure to report as required by the General Permit. Plaintiff seeks declaratory and injunctive relief, civil penalties under 33 U.S.C. §§ 1319(d) and 1365(a), and its litigation costs, including reasonable attorney, expert witness, and consultant fees, under 33 U.S.C. § 1365(d).

Defendant answered on July 13, 2026 (Dkt. 8), denying the material allegations, asserting eleven affirmative defenses, and demanding a jury trial. No counterclaims have been asserted. The Parties have consented to proceed before a United States Magistrate Judge, and on August 7, 2026, the case was reassigned to the Honorable Steve Kim for all purposes (Dkt. 14, 15).

**Defendant's Statement:**

Defendant disputes the allegations of the Complaint and contend it has complied with and do comply with all applicable conditions and requirements of the Clean Water Act.

## B. <u>SUBJECT MATTER JURISDICTION</u>

**Plaintiff's Statement:**

This Court has subject matter jurisdiction pursuant to Section 505(a)(1) of the Clean Water Act, 33 U.S.C. § 1365(a)(1), and 28 U.S.C. § 1331, because this action arises under the laws of the United States. Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202. Venue is proper in this District under 33 U.S.C. § 1365(c)(1) because the source of the alleged violations is located in Los Angeles County. Plaintiff has satisfied the pre-suit notice requirements of 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2 (1991). No supplemental jurisdiction is invoked.

**Defendant's Statement:**

Defendant denies any past or ongoing violations of the Clean Water Act such that this Court has jurisdiction under the citizen suit provision of the Clean Water Act, and deny that Plaintiff has standing to bring this action. Defendant lacks sufficient information to contest the remainder of Plaintiff's allegations at this time, without having conducted discovery.

## C. LEGAL ISSUES

**Plaintiff's Statement:**

Plaintiff believes the case presents the following key legal issues:

1. Whether Defendant is a person who discharges pollutants from point sources at the Facility to waters of the United States other than in compliance with the General Permit, the NPDES permit applicable to storm water discharges associated with industrial activity at the Facility. See 33 U.S.C. §§ 1311(a), 1342(p), 1362(5)–(7), (12), (14).

2. Whether storm water discharges from the Facility containing pollutant concentrations that exceed the General Permit's Numeric Effluent Limitations, as reported by Defendant to the State Water Resources Control Board, constitute violations of the General Permit and the Act.

3. Whether Defendant has complied with the General Permit's SWPPP, best management practice, monitoring, reporting, and receiving-water-limitation requirements.

4. Whether Plaintiff has organizational and representational standing, and whether the alleged violations are ongoing or reasonably likely to recur for purposes of 33 U.S.C. § 1365(a). *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found.*, *Inc.*, 484 U.S. 49 (1987).

5. Whether Defendant's affirmative defenses, including permit-shield under

33 U.S.C. § 1342(k), mootness, insufficiency of the notice letter, and the five-year limitations period of 28 U.S.C. § 2462, bar or limit any of Plaintiff's claims.

6. The appropriate injunctive relief and the amount of civil penalties under the factors set forth in 33 U.S.C. § 1319(d). Defendant has demanded a jury trial. Plaintiff's position is that any jury right extends only to liability on the claims for civil penalties, and that the amount of any penalty and all equitable relief are for the Court. *See Tull v. United States*, 481 U.S. 412 (1987).

**Defendant's Statement:**

Defendant is in agreement that Plaintiff's Statement summarizes some of the legal issues. Defendant adds that the issue of whether statutory monetary penalties/fees and costs are valid or ripe, and whether a permit was required in part are whole, are also relevant.

## D. <u>PARTIES, EVIDENCE, ETC.</u>

**Plaintiff's Statement:**

1. Parties:

   a. Plaintiff Los Angeles Waterkeeper is a non-profit public benefit corporation organized under the laws of California, with its main office at 360 E 2nd Street, Suite 250, Los Angeles, California 90012. Founded in 1993, LA Waterkeeper is dedicated to the preservation, protection, and defense of the inland and coastal surface and ground waters of Los Angeles County, including the Los Angeles River and its tributaries, and pursues that mission through education, outreach, advocacy and, where necessary, litigation and enforcement actions under the Clean Water Act on behalf of itself and its members. Plaintiff has no parent, subsidiary, or affiliated entities.

   b. Defendant Los Angeles Galvanizing Company is a California corporation

that owns and/or operates the Facility. This entity has no subsidiaries or affiliates.

2. Percipient witnesses:

   a. One or more members and staff of LA Waterkeeper who will testify regarding LA Waterkeeper's organizational and representational standing, including members' use and enjoyment of Compton Creek, the Los Angeles River, and downstream waters, to be identified in Plaintiff's initial disclosures.

   b. Plaintiff's staff and consultants who observed conditions at and around the Facility and collected samples of storm water discharged from the Facility, including during the November 15, 2025 inspection described in the Complaint, to be identified in Plaintiff's initial disclosures.

   c. One or more of Defendant's current or former officers, employees, agents, consultants, or other representatives with knowledge of: Defendant's ownership, possessory interest, and site control with respect to the Facility, including the right to implement best management practices ("BMPs"); the industrial activities conducted at the Facility; the storage, handling, and disposal of industrial materials and wastes; the direction of storm water flow and the location of all discharge points and conveyances from the Facility to the municipal storm sewer system; the BMPs implemented at the Facility, including the existing storm water treatment system, and their maintenance; the preparation and revision of the Facility's SWPPP and Monitoring Implementation Plan; storm water sampling, analysis, and reporting via the State Board's Storm Water Multiple Application and Report Tracking System ("SMARTS"); and Defendant's Exceedance Response Action obligations under the General Permit. Plaintiff will review Defendant's initial disclosures and discovery responses to identify the specific individuals it may depose and call at

trial.

d. One or more employees of the State Water Resources Control Board and the Los Angeles Regional Water Quality Control Board with knowledge of agency oversight and enforcement concerning the Facility.

e. Plaintiff expects that a significant portion of the evidence it presents will be expert testimony regarding storm water hydrology, industrial storm water treatment and BMPs, the General Permit's requirements, and the civil penalty factors. Plaintiff will disclose its expert witnesses by the deadline set in the Scheduling Order.

3. Key documents on the main issues in the case:

a. Defendant's Notice of Intent to comply with the General Permit and all other documents Defendant has submitted to the State or Regional Board via SMARTS, including its SWPPP (all versions), Monitoring Implementation Plan, Annual Reports, sampling results, Exceedance Response Action reports and action plans, and related certifications;

b. Regional Board inspection reports, notices of violation, enforcement orders, settlement communications, and correspondence concerning the Facility;

c. Documents reflecting Defendant's ownership, possessory interest, and site control with respect to the Facility;

d. Site plans, drainage maps, and documents showing storm water flow paths, discharge points, and conveyances from the Facility, and the design, capacity, operation, and maintenance of the Facility's storm water treatment system and other BMPs;

e. Laboratory analytical results, chain-of-custody records, and sampling records for storm water and non-storm water discharged from the Facility, including samples collected by Plaintiff;

f. Photographs and video of conditions at and around the Facility;

g. Rainfall data for the Facility's vicinity;

h. Documents relevant to the civil penalty factors set forth in 33 U.S.C. § 1319(d), including the seriousness of the violations, the economic benefit of noncompliance, Defendant's history of violations, good-faith efforts to comply, and the economic impact of a penalty on Defendant; and

i. Documents relevant to Plaintiff's entitlement to and the amount of reasonable fees and costs under 33 U.S.C. § 1365(d).

**Defendant's Statement:**

Defendant's witnesses include officers and employees, as well as individuals associated with Plaintiff and with public agencies. It has not conducted discovery as yet and will supplement as necessary. Defendant does not dispute at this time that the documents delineated by Plaintiff are relevant to Plaintiff's case.

## E. <u>DAMAGES</u>

**Plaintiff's Statement:**

The Clean Water Act's citizen suit provision does not provide for an award of damages. Plaintiff seeks declaratory and injunctive relief; civil penalties payable to the United States Treasury of up to $68,445 per day per violation for violations occurring after November 2, 2015, where penalties are assessed on or after January 8, 2025, see 33 U.S.C. §§ 1319(d), 1365(a); 40 C.F.R. § 19.4 (2025); 90 Fed. Reg. 1375 (Jan. 8, 2025); and its costs of litigation, including reasonable attorney, expert witness, and consultant fees, under 33 U.S.C. § 1365(d). The amount of civil penalties will depend on the number and duration of the violations established and the Court's application of the statutory penalty factors.

**Defendant's Statement:**

**F. INSURANCE**

**Plaintiff's Statement:**

Plaintiff has no insurance agreement to disclose under Fed. R. Civ. P. 26(a)(1)(A)(iv).

**Defendant's Statement:**

Defendant has no insurance agreements to disclose.

**G. MAGISTRATE JUDGE**

The Parties have consented to the Honorable Steve Kim, United States Magistrate Judge, presiding over this action for all purposes, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c) (Dkt. 14, 15).

**H. MOTIONS**

**Plaintiff's Statement:**

No motions are pending. Plaintiff does not presently anticipate any motion to add parties, amend the pleadings, or transfer venue, but reserves the right to seek leave to amend should discovery reveal additional persons responsible for the violations alleged. Plaintiff proposes that the last day to hear a motion to amend the pleadings or add parties be set as stated in Section U below.

**Defendant's Statement:**

Defendant agrees with the discovery schedule proposed by Plaintiff.

**I. CLASS CERTIFICATION**

Not applicable. This action is not brought as a class action.

**J. DISPOSITIVE MOTIONS**

**Plaintiff's Statement:**

Plaintiff anticipates moving for partial summary judgment on its First Claim for Relief on the issue of whether Defendant violated the General Permit's Numeric Effluent Limitation for zinc by discharging storm water from the Facility containing zinc concentrations exceeding that limitation. That motion will rest principally on the sampling results and reports that Defendant itself submitted to the Regional Board via SMARTS under penalty of perjury, and Plaintiff believes the underlying facts are not subject to genuine dispute. Plaintiff may also move for summary judgment on its Third and Fifth Claims for Relief (SWPPP and Monitoring Implementation Plan deficiencies) on the basis of Defendant's own submissions to the Regional Board, and on Defendant's affirmative defenses. Plaintiff proposes that the last day to hear dispositive motions be set as stated in Section U below.

**Defendant's Statement:**

Defendant may file a motion for summary judgment.

**K. MANUAL FOR COMPLEX LITIGATION**

**Plaintiff's Statement:**

This is not a complex case, and the procedures of the Manual for Complex Litigation need not be applied. L.R. 26-1(a).

**Defendant's Statement:**

Defendant agrees with Plaintiff.

**L. STATUS OF DISCOVERY**

**Plaintiff's Statement:**

No discovery has been propounded. The Parties will exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before September 30, 2026. See Fed.

R. Civ. P. 26(a)(1)(C). The Parties have not agreed to alter the timing, form, or requirement of initial disclosures.

**Defendant's Statement:**

Defendant agrees with Plaintiff.

**M. <u>DISCOVERY PLAN</u>**

**Plaintiff's Statement:**

Plaintiff proposes the following discovery plan under Fed. R. Civ. P. 26(f)(3):

1. Changes to the timing, form, or requirement of disclosures under Rule 26(a): None.
2. Subjects on which discovery may be needed, and timing:
   a. A Rule 34 inspection of the Facility during wet weather, including observation and sampling of storm water discharges during a rain event. This discovery is time-sensitive because it can be conducted only during the region's rainy season, which generally runs from October through April. Plaintiff intends to notice the inspection so that it can be completed during the 2026–2027 wet season, and the proposed discovery cut-off is set to allow a late-season storm event and follow-up discovery.
   b. Defendant's organizational structure and the identity of the persons who exercise operational control over the Facility and its storm water management;
   c. Defendant's ownership, possessory interest, site control, and access rights with respect to the Facility, including the right to implement BMPs;
   d. The industrial activities conducted at the Facility and the storage, handling, treatment, and disposal of industrial materials and wastes;
   e. The location of all discharge points and the direction and pathways of

storm water flow from the Facility to the municipal storm sewer system and receiving waters;

f. Each BMP implemented at the Facility, including the design, capacity, operation, and maintenance of the existing storm water treatment system;

g. The development, implementation, and revision of the Facility's SWPPP and Monitoring Implementation Plan, and Defendant's sampling, analysis, reporting, and Exceedance Response Action activities under the General Permit;

h. Laboratory analytical results for samples of storm water, non-storm water, soil, and sediment at or discharged from the Facility;

i. The waters, wildlife, and other natural resources affected by discharges from the Facility;

j. Plaintiff's standing, including its members' use of the receiving waters;

k. The civil penalty factors set forth in 33 U.S.C. § 1319(d), including the economic benefit Defendant derived from any noncompliance and the economic impact of a penalty on Defendant; and

l. Defendant's affirmative defenses.

3. Phasing or limitation of discovery: Discovery should not be conducted in phases or otherwise limited, except that the wet-weather site inspection described above should proceed as early as practicable in the 2026–2027 wet season.

4. Electronically stored information: The Parties have discussed the preservation, disclosure, and discovery of electronically stored information ("ESI") consistent with the Court's Standing Order on Civil Discovery. Plaintiff anticipates that the most significant ESI will consist of Defendant's SMARTS submittals, sampling and laboratory records, SWPPP and BMP records, photographs, and email and other communications concerning storm water management at the Facility. Plaintiff proposes that documents be produced as searchable PDF files with metadata load files, that spreadsheets, databases, photographs, and video be produced in native

format, and that the Parties meet and confer regarding custodians, date ranges, and search methodology before ESI collection. Given the limited volume of ESI expected in this case, Plaintiff does not presently believe that a stipulated ESI order is necessary; the Parties will meet and confer regarding an ESI protocol if the need arises.

5. Privilege and work product: Plaintiff proposes that the Parties exchange privilege logs within 30 days after each production, that communications between a party and its litigation counsel after service of the March 2, 2026 notice letter need not be logged, and that the Court enter an order under Fed. R. Evid. 502(d) providing that the production of privileged or work-product-protected material does not constitute a waiver in this or any other proceeding.

6. Changes to the limitations on discovery imposed by the Federal Rules or Local Rules: None at this time. Plaintiff anticipates that Rule 30(b)(6) deposition topics will be discussed in advance consistent with the Court's Standing Order on Civil Discovery.

7. Other orders under Rule 26(c) or Rule 16(b) and (c): Plaintiff anticipates that the Parties will submit a stipulated protective order based on the Court's model protective order if Defendant seeks to designate confidential business information, and a Rule 502(d) order as described above. Plaintiff does not presently anticipate any other order.

**Defendant's Statement:**

Defendant anticipates serving third party subpoenas and written discovery, and taking the depositions of relevant party and percipient/expert witnesses as relevant to its defenses.

**N. <u>DISCOVERY CUT-OFF</u>**

**Plaintiff's Statement:**

Plaintiff proposes a non-expert discovery cut-off of Monday, June 14, 2027, by

which date all fact discovery must be completed and all discovery motions heard. This date follows the close of the 2026–2027 wet season by approximately six weeks, which is necessary to accommodate the wet-weather Rule 34 inspection described above (including the possibility that a qualifying storm event does not occur until late in the season) and any follow-up discovery arising from that inspection.

**Defendant's Statement:**

## O. EXPERT DISCOVERY

**Plaintiff's Statement:**

Both Parties anticipate calling expert witnesses. Plaintiff proposes the following schedule for expert disclosures and discovery under Fed. R. Civ. P. 26(a)(2) and L.R. 26-1(f):

1. Initial expert witness disclosures and reports: Thursday, June 24, 2027;
2. Rebuttal expert witness disclosures and reports: Thursday, July 8, 2027; and,
3. Expert discovery cut-off: Thursday, July 22, 2027.

**Defendant's Statement:**

## P. SETTLEMENT EFFORTS TO DATE AND ADR PROCEDURE SELECTION

**Plaintiff's Statement:**

The Parties have engaged in substantive settlement negotiations and have exchanged a draft consent decree (see Dkt. 16). Those negotiations are ongoing. Plaintiff believes that continued direct negotiation between the Parties and their technical consultants is presently the most productive path to resolution, and notes that any consent decree resolving this action must be submitted to the United States

Department of Justice and the Environmental Protection Agency for a 45-day review period before it may be entered. 33 U.S.C. § 1365(c)(3).

Pursuant to L.R. 16-15.4 and the Court's Order Setting Scheduling Conference (Dkt. 19), Plaintiff selects ADR Procedure No. 1, a settlement conference before a Magistrate Judge who has agreed in advance to conduct the settlement conference, to be completed by the date proposed in Section U below.

**Defendant's Statement:**

Defendant requests that the Court schedule a settlement conference should this case not be settled by November 15, 2026, to try to mitigate litigation fees and costs.

## Q. TRIAL ESTIMATE AND JURY DEMAND

**Plaintiff's Statement:**

Plaintiff estimates that trial will require approximately five (5) court days. Plaintiff will identify its trial witnesses in its initial disclosures and pretrial filings. Defendant has demanded a jury trial (Dkt. 8). Plaintiff's position is that the jury's role is limited to determining liability on the claims for civil penalties, and that the Court will determine the amount of any civil penalty and all claims for declaratory and injunctive relief. *See Tull v. United States*, 481 U.S. 412 (1987).

**Defendant's Statement:**

Defendant agrees with this estimate.

## R. TRIAL COUNSEL

**Plaintiff's Statement:**

William N. Carlon and Erina Kwon will try the case on behalf of Plaintiff.

**Defendant's Statement:**

Jan A. Greben will try this case on behalf of Defendant.

## S. INDEPENDENT EXPERT OR MASTER

**Plaintiff's Statement:**

Plaintiff does not believe that appointment of a master under Fed. R. Civ. P. 53 or an independent scientific expert is necessary.

**Defendant's Statement:**

Defendant agrees with Plaintiff.

## T. ADDITIONAL PARTIES

**Plaintiff's Statement:**

Plaintiff does not anticipate the appearance of additional parties. See Section H above. L.R. 26-1(e).

**Defendant's Statement:**

Defendant agrees with Plaintiff.

## U. PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

In accordance with the Court's Order Setting Scheduling Conference (Dkt. 19), the Parties' proposed deadlines are set forth in the table below. Plaintiff submits that a schedule longer than the customary 12 to 15 months is warranted because fact discovery must extend through the 2026–2027 wet season to permit the wet-weather inspection described in Section M above.

| **Matter** | **Parties' Proposal** |
| --- | --- |
| Trial (jury; est. 5 court days) | Tuesday, February 22, 2028 |

| Matter | Parties' Proposal |
|---|---|
| Final Pretrial Conference | Thursday, February 3, 2028 |
| Trial filings – second round (oppositions to motions in limine; joint proposed final pretrial conference order; joint and disputed proposed jury instructions; joint proposed verdict forms; joint proposed statement of the case; proposed voir dire questions) | Thursday, January 20, 2028 |
| Trial filings – first round (motions in limine; memoranda of contentions of fact and law; witness lists; joint exhibit list; joint status report re settlement) | Thursday, January 6, 2028 |
| Last day to complete settlement conference / ADR (L.R. 16-15.2) | Thursday, November 18, 2027 |
| Last day to hear motions (including dispositive motions) | Wednesday, October 27, 2027 |
| Expert discovery cut-off | Thursday, September 2, 2027 |
| Rebuttal expert disclosures and reports | Thursday, August 19, 2027 |
| Initial expert disclosures and reports | Thursday, June 24, 2027 |
| Non-expert (fact) discovery cut-off | Thursday, August 5, 2027 |
| Last day to hear motion to amend pleadings or add parties | Wednesday, December 2, 2026 |
| ADR procedure selected (L.R. 16-15.4) | Procedure No. 1 – settlement conference before a Magistrate Judge |

## V. <u>OTHER ISSUES</u>

**Plaintiff's Statement:**

Plaintiff does not presently anticipate unusually complicated technical issues, extraordinarily voluminous document production, discovery in foreign jurisdictions, or issues warranting severance or bifurcation. Plaintiff notes only that the timing of the wet-weather Rule 34 inspection depends on the occurrence of qualifying rain events, and that the Parties will cooperate to schedule the inspection on short notice when rain is forecast.

**Defendant's Statement:**

Defendant does not anticipate any other issues.

Respectfully submitted,

Dated: October 14, 2026 LAW OFFICE OF WILLIAM CARLON

By: /s/ William N. Carlon
William N. Carlon
Attorneys for Plaintiff
LOS ANGELES WATERKEEPER

Dated: October 14, 2026 PRICE, POSTEL & PARMA LLP

By: /s/ Jan A. Greben
Jan A. Greben
Attorneys for Defendant
LOS ANGELES GALVANIZING COMPANY

**ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/ William N. Carlon
William N. Carlon